# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-04041-NYW-TPO

JOYBEES LLC,

       Plaintiff,

v.

CROCS, INC.

       Defendant.

_____

## DEFENDANT CROCS, INC.'S MOTION TO DISMISS AND STRIKE PLAINTIFF JOYBEES LLC'S COMPLAINT [ECF NO. 1]

_____

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     CERTIFICATE OF COMPLIANCE WITH NYW CIV. PRACTICE
        STANDARD 7.1B(b) ........................................................................................... 1

III.    LEGAL STANDARD ........................................................................................... 2

IV.     ARGUMENT ....................................................................................................... 2

        A.      Joybees' Claims Sounding in False Marking Fail Because Joybees
                Does Not Plausibly and Sufficiently Allege Bad Faith. ............................. 2

        B.      Joybees' Section 43(a) Lanham Act Claim Fails. ...................................... 5

                1.      The Statements on Crocs' Hangtags and IP Search Results
                        Are Not Commercial Advertising or Promotion. .............................. 6

                        a.      The Statements Are Not "Commercial Speech." ................. 6

                        b.      The Statements Were Not Made to Influence Consumers to
                                Buy Crocs Footwear. .......................................................... 8

                2.      Joybees Fails to Allege Falsity, Materiality, and Tendency to
                        Deceive from the June 2025 Email. .................................................. 9

                3.      Joybees' Claim Fails under *Dastar* and *Effervescent*. ................... 10

                4.      Joybees Fails to Adequately Allege an Injury Proximately
                        Caused by Any Alleged Misrepresentation. ................................... 11

        C.      Joybees' CCPA Claim Fails or Should Be Dismissed. ............................ 13

        D.      Allegations of "Crocs' Pattern of Enforcement" Should Be Stricken. ........ 15

V.      CONCLUSION .................................................................................................. 15

CROCS' MOTION TO DISMISS AND STRIKE

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Alfasigma USA, Inc. v. First Databank, Inc.*,
    525 F. Supp. 3d 1088, 1096 (N.D. Cal. 2021) ........................................................ 7

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ...................................................................................... 14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 2

*Bimbo Bakeries USA, Inc. v. Sycamore*,
    29 F.4th 630 (10th Cir. 2022) ........................................................................... 6, 10

*Bologna v. Allstate Ins. Co.*,
    138 F. Supp. 2d 310 (E.D.N.Y. 2001) .................................................................. 10

*Bragel Int'l, Inc. v. Kohl's Dep't Stores, Inc.*,
    No. 2:17-cv-07414, 2018 WL 7890856 (C.D. Cal. July 25, 2018) ........................... 3

*Clinton v. Sec. Benefit Life Ins. Co.*,
    63 F.4th 1264 (10th Cir. 2023) ............................................................................... 7

*Crocs, Inc. v. Effervescent, Inc.*,
    119 F. 4th 1 (Fed. Cir. 2024) .......................................................................... 10, 11

*Crocs, Inc. v. Joybees, Inc.*,
    No. 21-cv-02859, 2024 WL 3580779 (D. Colo. July 12, 2024) .............................. 15

*CVB, Inc. v. Corsicana Mattress Co.*,
    No. 1:20-cv-00144, 2024 WL 4505044 (D. Utah Oct. 16, 2024) ........................... 12

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003) ....................................................................................... 6, 10, 11

*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*,
    524 F.3d 1254 (Fed. Cir. 2008) .............................................................................. 3

*GL Trade Ams., Inc. v. Trading Techs Int'l, Inc.*,
    No. 11 C 1558, 2012 WL 205909 (N.D. Ill. Jan. 23, 2012) ..................................... 3

*HealthONE of Denver, Inc. v. UnitedHealth Grp., Inc.*,
    805 F. Supp. 2d 1115 (D. Colo. 2011) ............................................................... 13, 14

*Hollander v. Timex Grp. USA, Inc.*,
    No. 10-429, 2011 WL 1399806 (E.D. Pa. Apr. 13, 2011)........................................... 4

*In re BP Lubricants USA Inc.*,
    637 F.3d 1307 (Fed. Cir. 2011)................................................................................... 5

*In re SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*,
    No. 2-mc-152, 2023 WL 8006602 (W.D. Pa. Nov. 17, 2023) ..................................... 8

*Inventorprise, Inc. v. Target Corp.*,
    No. 09-CV-00380, 2009 WL 3644076 (N.D.N.Y. Nov. 2, 2009) ................................. 8

*Ketonatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*,
    756 F. Supp. 3d 1128 (D. Kan. 2024) ............................................................. 7, 8, 10

*Khalik v. United Air Lines*,
    671 F.3d 1188 (10th Cir. 2012) ................................................................................. 2

*Koch v. Koch Indus., Inc.*,
    203 F.3d 1202 (10th Cir. 2000) ............................................................................... 14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)................................................................................................. 11

*Loughridge v. Goodyear Tire & Rubber Co.*,
    192 F. Supp. 2d 1175 (D. Colo. 2002) .................................................................... 14

*Lutron Elecs. Co. v. Crestron Elecs., Inc.*,
    No. 2:09-cv-707, 2012 WL 3192806 (D. Utah Aug. 6, 2012) ..................................... 5

*McClain v. Metabolife Int'l, Inc.*,
    401 F.3d 1233 (11th Cir. 2005) ............................................................................... 12

*McNeil-PPC, Inc. v. L. Perrigo Co.*,
    337 F.3d 1362 (Fed. Cir. 2003)................................................................................. 5

*New Legion Co. v. Thandi*,
    No. 18-cv-778, 2018 WL 2121523 (E.D. Pa. May 8, 2018)...................................... 12

*Pequignot v. Solo Cup Co.*,
    608 F.3d 1356 (Fed. Cir. 2010)............................................................................. 4, 5

*Proctor & Gamble Co. v. Haugen*,
    222 F.3d 1262 (10th Cir. 2000) .................................................................................. 7

*R & L Merch., LLC v. Alex & Ani*,
    LLC, No. 3-12-1081, 2013 WL 2434988 (M.D. Tenn. June 4, 2013)......................... 4

*ReportHost LLC v. Spectora Inc.*,
    No. 24-cv-01813, 2025 WL 2662958 (D. Colo. Sept. 17, 2025)......................... 13, 14

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*,
    62 P.3d 142 (Colo. 2003) ......................................................................................... 13

*Seybold v. Weld Cnty. Sheriff's Office*,
    No. 08-cv-00916, 2008 WL 4489269 (D. Colo. Oct. 1, 2008) ................................... 15

*Smith v. City of Enid ex rel. Enid City Comm'n*,
    149 F.3d 1151 (10th Cir. 1998) ................................................................................ 13

*Strauss v. Angie's List, Inc.*,
    951 F.3d 1263 (10th Cir. 2020) ............................................................................... 6, 8

*Trevari Media, LLC v. Colasse*,
    758 F. Supp. 3d 1175 (C.D. Cal. 2024)...................................................................... 9

*Vincent v. Utah Plastic Surgery Soc.*,
    621 F. App'x 546 (10th Cir. 2015) ............................................................................ 12

*Wing Enters., Inc. v. Tricam Indus., Inc.*,
    No. 20-cv-2497, 2021 WL 3620272 (D. Minn. Aug. 16, 2021) ................................... 3

**Statutes**

C.R.S. § 6-1-105 ............................................................................................................. 13

15 U.S.C. § 1125(a)(1)(B) ........................................................................................ 10, 11

28 U.S.C. § 1367(c)(3) ................................................................................................... 13

35 U.S.C. § 287............................................................................................................... 5

35 U.S.C. § 287(a) .......................................................................................................... 8

35 U.S.C. § 292(c) ....................................................................................................... 3, 4

CROCS' MOTION TO DISMISS AND STRIKE

## **<u>Other Authorities</u>**

Fed. R. Civ. P. 9(b)..................................................................................... 3, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 2

Fed. R. Civ. P. 12(f)................................................................................. 1, 2, 15

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Defendant Crocs, Inc. ("Crocs") respectfully submits this Motion to Dismiss and Strike Plaintiff Joybees LLC's ("Joybees") Complaint [ECF No. 1 ("Compl.")].

## I.      INTRODUCTION

Joybees' Complaint presents a classic allegation of false patent marking via failure to remove expired patents from a website. Post-America Invents Act (AIA), this theory is not cognizable under the Patent Act. And, to plead a claim that is not foreclosed by the Patent Act, Joybees must allege facts establishing bad faith. Joybees fails to plausibly do so, and its entire Complaint is therefore subject to dismissal.

Joybees' Lanham Act false advertising claim also fails because the patent-related statements at issue here are not commercial advertising or promotion, and Joybees does not allege the falsity of any other statement. In addition, the claim is barred by Supreme Court authority and its progeny holding that the Lanham Act does not apply to statements of authorship. Finally, Joybees fails to allege damages caused by the statements.

The Court should dismiss Joybees' state-law claim for the same reasons, but also because Joybees fails to allege with particularity that the statements in question impacted the consuming public. Finally, the Court should strike allegations pertaining to Joybees' antitrust claims against Crocs that the Court dismissed with prejudice.

## II.     CERTIFICATE OF COMPLIANCE WITH NYW CIV. PRACTICE STANDARD 7.1B(b)

The undersigned counsel certifies that on January 22, 2026, counsel met and conferred via videoconference to discuss the grounds for relief asserted in this Motion. Counsel for Joybees subsequently indicated that it would oppose the Motion.

CROCS' MOTION TO DISMISS AND STRIKE

III.    **LEGAL STANDARD**

A complaint relying upon "mere labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is subject to dismissal under Rule 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (cleaned up) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts thus "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* Where the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (cleaned up). The Court may strike from a pleading any "immaterial [or] impertinent" matter. Fed. R. Civ. P. 12(f).

IV.    **ARGUMENT**

A.    **Joybees' Claims Sounding in False Marking Fail Because Joybees Does Not Plausibly and Sufficiently Allege Bad Faith.**

Joybees' claims arise from Crocs' patent markings. Compl. ¶¶ 103-107. Namely, Crocs' product hangtags—which Joybees does not allege contain false statements—refer purchasers to an IP Lookup Page. *Id.* From October 2023 to December 3, 2025, for sixteen models' product codes, the IP Lookup Page returned IP Search Results stating that the product "may be covered" by certain patents, including some that had expired. *Id.* ¶¶ 131, 134, 136 & Exs. 3-18.[1] Joybees refers to these as the "Falsely Marked Products." *Id.* ¶ 138. Thus, Joybees' theory of liability is that, for a time, Crocs listed the "Falsely Marked Products" as being covered by expired patents. *Id.* ¶¶ 423-52.

---

[1] Joybees later asserts, incorrectly, that Crocs claimed that its products "are patented" or "are covered" by the patents in question. *See generally* Compl. ¶¶ 356-447.

CROCS' MOTION TO DISMISS AND STRIKE

Joybees does not assert false marking under the Patent Act. For good reason: post-AIA, the Patent Act forecloses liability for marking products with expired patents. 35 U.S.C. § 292(c). Joybees instead asserts (1) false advertising under the Lanham Act, Compl. ¶¶ 423-44, and (2) deceptive trade practices under the Colorado Consumer Protection Act ("CCPA"), *id.* ¶¶ 445-52.[2] This effort fails.

To assert claims outside of the Patent Act sounding in false marking, Joybees must allege all elements of each claim, and also that Crocs acted in bad faith. *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260, 1263 (Fed. Cir. 2008); *GL Trade Ams., Inc. v. Trading Techs Int'l, Inc.*, No. 11 C 1558, 2012 WL 205909, at *5 (N.D. Ill. Jan. 23, 2012) (citing cases; dismissing Lanham Act claim for failure to plead bad faith). Joybees therefore must plead non-conclusory facts that Crocs' conduct was objectively *and* subjectively baseless. *Dominant*, 524 F.3d at 1263-64. And because Joybees asserts that Crocs acted with "intent to mislead" consumers, retailers, and competitors (Compl. ¶¶ 420-22), which claims "sound in fraud," Joybees must plead bad faith with particularity. *See Bragel Int'l, Inc. v. Kohl's Dep't Stores, Inc.*, No. 2:17-cv-07414, 2018 WL 7890856, at *2 (C.D. Cal. July 25, 2018); *see also Wing Enters., Inc. v. Tricam Indus., Inc.*, No. 20-cv-2497, 2021 WL 3620272, at *10 (D. Minn. Aug. 16, 2021) (allegations of false marking with deceptive intent failed to meet Rule 9(b)).[3]

---

[2] Joybees appears to only assert expired U.S. patents as the basis for liability. *See* Compl. ¶¶ 436-37. Elsewhere, Joybees refers to expired or invalidated foreign registrations, *see id.* ¶¶ 62, 145, but does not assert that these underlie its claims.

[3] Where, as here, "the gravamen of the [Lanham Act] claim is clearly false marking, such [false marking] cases are relevant to a determination whether [the plaintiff] has adequately alleged bad faith." *GL Trade Ams.*, 2012 WL 205909, at *7.

CROCS' MOTION TO DISMISS AND STRIKE

Joybees falls short. It formulaically recites—"[u]pon information and belief" and with no factual support—that "Crocs acted in bad faith in representing through the IP Search Results" that expired patents covered the Falsely Marked Products. Compl. ¶¶ 152, 163, 174, 185, 200, 211, 222, 233, 244, 255, 270, 285, 296, 311, 326, 336. Joybees says the same in connection with its CCPA claim. *Id.* ¶ 448 ("Crocs acted in bad faith in falsely promoting the Falsely Marked Products as covered by patents that were expired."). These conclusory assertions are devoid of facts from which bad faith can be plausibly inferred. *See R & L Merch., LLC v. Alex & Ani*, LLC, No. 3-12-1081, 2013 WL 2434988, at *5 (M.D. Tenn. June 4, 2013) (dismissing Lanham Act claim where Plaintiff had "not alleged facts which would support an affirmative finding of bad faith").

At most, Joybees alleges that Crocs did not immediately expunge expired patents from the IP Search Results. This falls short. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1364 (Fed. Cir. 2010) ("*Solo Cup*") (holding that marking product with expired patent markings did not show purpose to deceive); *Hollander v. Timex Grp. USA, Inc.*, No. 10-429, 2011 WL 1399806, at *11 (E.D. Pa. Apr. 13, 2011) (failure to detect expired patent markings in manuals and websites was at best negligent). That § 292(c) expressly bars liability under the Patent Act for such conduct—regardless of state of mind—supports the conclusion that pleading bad faith requires more than alleging a patentee was negligent, i.e., that it knew or should have known its patents had expired yet did not timely remove them. But that is all Joybees alleges.

Further, the IP Search Results did not say expired patents *did* cover any products, but that products "may be covered by one or more" U.S. or foreign IP rights. *See* Compl.

Ex. 3; *see also* Compl. ¶ 136 & Exs. 4-18; *cf.* Compl. ¶¶ 356-447 (falsely claiming that Crocs represented its products "are patented" or "are covered" by expired patents). Conditional language invites inquiry into *potential* rights, negating an inference of bad faith because "[i]t implies more a notice than a false statement." *See Lutron Elecs. Co. v. Crestron Elecs., Inc.*, No. 2:09-cv-707, 2012 WL 3192806, at *3-4, 8 (D. Utah Aug. 6, 2012) (dismissing false marking claim). Indeed, the IP Lookup Page expressly states that it "serves as *notice* under 35 U.S.C. § 287." Compl. Ex. 3 (emphasis added). Conditional marking especially cannot be baseless or reflect an intent to deceive where, as here, the patents were valid but recently expired. *See Solo Cup*, 608 F.3d at 1365.

Nor do the remaining allegations show bad faith. That Crocs is sophisticated and has experience with patents (Compl. ¶¶ 18, 84, 407-14) matters not, as it is akin to "merely asserting the defendant should have known the patent expired." *See In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1312 (Fed. Cir. 2011). And, references to Crocs' "aggressive [IP] enforcement efforts" (Compl. ¶ 7) are irrelevant because the First Amendment entitles Crocs to assert its patent rights—aggressively, if it so chooses. *See McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) (recognizing right to "vigorously . . . enforc[e] a presumptively valid patent"). As noted below, Joybees previously sought and failed to assert antitrust claims against Crocs for its patent assertions. For these reasons, Joybees fails to plead bad faith, and thus has not stated a claim.

## B.    Joybees' Section 43(a) Lanham Act Claim Fails.

Joybees also fails to plead essential elements of a Lanham Act false advertising claim. Joybees must plead that: (1) Crocs "made a false or misleading description of fact

or representation of fact in a commercial advertisement about its own or another's product;" (2) the "misrepresentation was material, in that it was likely to influence the purchasing decision;" (3) the "misrepresentation actually deceived or had the tendency to deceive a substantial segment of its audience;" (4) Crocs "placed the false or misleading statement in interstate commerce;" and (5) Joybees "has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630, 643-44 (10th Cir. 2022) (cleaned up). Joybees fails to plead at least elements (1) and (5). The claim also fails to state a claim under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

### 1. The Statements on Crocs' Hangtags and IP Search Results Are Not Commercial Advertising or Promotion.

Joybees fails to allege that any IP-related statement constitutes commercial advertising or promotion. To be actionable, a statement must be (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) disseminated sufficiently to the relevant purchasing public. *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020) (affirming dismissal for failure to plead commercial advertising or promotion). Joybees fails the first and third requirements.

### a. The Statements Are Not "Commercial Speech."

The hangtags and IP Search Results are not "commercial speech." The Supreme Court emphasizes "common-sense" distinctions between what is commercial and non-commercial speech under the following three factors: whether (1) the communication

CROCS' MOTION TO DISMISS AND STRIKE

is in the form of an advertisement; (2) it references a specific product; and (3) the speaker acted primarily out of economic motivation. *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1274 (10th Cir. 2000). None of these factors are met:

1. The hangtag statements are not "in the form of an advertisement." They are fine-print statements in black-and-white font, sandwiched between country of origin and lists of overseas distributors. *See* Compl. Ex. 2.[4] They ask: "Is this item covered by patent, design, or IP rights? Info at www.crocs.com/ip." *Id.* Common sense dictates that minute informational notices of this kind do not invite a purchase. *See Ketonatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, 756 F. Supp. 3d 1128, 1148-49 (D. Kan. 2024) (holding that informational statements were not advertisements; plaintiff failed to plausibly allege they "proposed a transaction"). The IP Search Results listed patents that "may" apply, followed by a warning not to infringe. Compl. Exs. 3-18. A database-type list of potential rights does not propose a transaction or promote the shoes, either. *See Alfasigma USA, Inc. v. First Databank, Inc.*, 525 F. Supp. 3d 1088, 1096 (N.D. Cal. 2021) (holding that database for pharmaceutical products was not an advertisement).

2. The hangtags do not reference a specific product; they use the same verbiage across a range of products. Compl. Ex. 2. The IP Search Results provide information based on a five- or six-digit product code entered by the user. *Id.* That searches return information by product code does "not shed much light" on whether they are commercial speech. *See Alfasigma USA*, 525 F. Supp. 3d at 1096. What is clear is that the IP Search

---

[4] Because the hangtags and IP Search Results are attached and incorporated into the Complaint, the Court may consider their content for purposes of this Motion. *See Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023).

Results do not prompt future purchases. Rather, as they state, the "page serves as notice under 35 U.S.C. § 287(a)." Compl. Exs. 3-18; *see In re SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2-mc-152, 2023 WL 8006602, at *32 (W.D. Pa. Nov. 17, 2023) (granting motion to dismiss Lanham Act claim based on FDA-mandated recall notice).

3. The hangtags and IP Search Results provide no basis to infer that Crocs acted out of economic motivation, i.e., a desire to sell more shoes. The only reasonable inference is that these statements were made to identify Crocs' potential IP rights and deter infringement, not to promote the Crocs brand or increase sales.

For these reasons, all three relevant factors weigh conclusively against an inference that the hangtags and IP Search Results are "commercial speech."

> **b.     The Statements Were Not Made to Influence Consumers to Buy Crocs Footwear.**

Joybees fails to plead that the hangtag and IP Search Result statements were made "for the purpose of influencing consumers to buy [Crocs'] goods." *Strauss*, 951 F.3d at 1267. As noted above, the statements do not invite a purchase. The IP Lookup Page cites § 287(a) of the Patent Act and tells readers "DO NOT COPY" Crocs shoes—in short, it advises viewers not to infringe. The statements have a legal and informational purpose, setting them apart from commercial solicitations. *See Ketonatural Pet Foods*, 756 F. Supp. 3d at 1148-49 (plaintiff failed to plausibly allege that "educational, clinical or informational" statements were made to influence consumer purchases); *Inventorprise, Inc. v. Target Corp.*, No. 09-CV-00380, 2009 WL 3644076, at *5 (N.D.N.Y. Nov. 2, 2009) (finding "no nexus between [a patent] marking and an act of solicitation").

Joybees admits that the hangtags and IP Search Results are patent markings. Compl. ¶ 117. Joybees contrasts the unadorned hangtags at issue here with others, such as colorful and eye-catching Moana and Disney hangtags affixed to other Crocs shoes (but not the "Falsely Marked Products"). *See id.* ¶ 111. It is not plausible for Joybees to claim that *any* verbiage, no matter how tiny, obscure, plain-vanilla, or informational, is "advertising" because it contains a Crocs logo or is visible on a rack. *See id.* ¶¶ 109-10. This contravenes the Supreme Court's "common sense" approach and would deem virtually any statement made on or in connection with a product to be "advertising." The law does not support such a strained outcome.

In sum, Joybees' Lanham Act claim falls far short of alleging that Crocs' hangtags and IP Search Results are "commercial advertising or promotion."

### 2. Joybees Fails to Allege Falsity, Materiality, and Tendency to Deceive from the June 2025 Email.

Unrelated to the hangtags and IP Search Results, Joybees cries foul at an email sent on June 17, 2025 that depicts a non-Crocs clog and cautions "don't get duped by any old clog!", before noting: "Imitation is flattering, but we're iconic for a reason." Compl. ¶¶ 341-42. Although the "don't get duped" email does not show a Joybees source identifier, Joybees alleges that the shoe depicted is a Joybees Active Clog. *Id.*

Joybees does not allege that the email contains a false or misleading statement—in fact, it invites consumers to exercise care. And whether another product would "dupe" consumers, or is an "imitation," are matters of opinion. *See Trevari Media, LLC v. Colasse*, 758 F. Supp. 3d 1175, 1184 (C.D. Cal. 2024) (holding that use of "counterfeit" was opinion; citing cases). Perhaps for that reason, Joybees only makes information-and-

belief claims that Crocs intended to imply that Joybees are inferior. *See* Compl. ¶¶ 346-58. That is non-actionable. *See Ketonatural Pet Foods*, 756 F. Supp. 3d at 1149 ("To form the basis of a false advertising claim, the representations must be statements of fact; statements of opinion or mere 'puffery' are incognizable claims."); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 323 (E.D.N.Y. 2001) ("[S]ubjective claims that cannot be proven true or false cannot be the basis of a Lanham Act violation.").

Any claim based upon the email would also fail because Joybees does not allege that it was material, i.e. "likely to influence [consumers'] purchasing decision," nor that it "actually deceived or had the tendency to deceive a substantial segment of its audience." *See Bimbo Bakeries*, 29 F.4th at 643-44.

Joybees claims that the IP Lookup Page was active when the "don't get duped" email was sent. Compl. ¶ 355. This is irrelevant since the email does not link or refer to that page or Crocs' patent rights. *Id.* ¶ 342. There is no connection between the email and Crocs' hangtags or the IP Search Results at issue in Joybees' claim, and Joybees does not plausibly allege any. For these reasons, Joybees fails to state a claim with respect to the "don't get duped" email.

### 3.    Joybees' Claim Fails under *Dastar* and *Effervescent*.

Joybees' claim also fails because the patent markings at issue do not concern the "nature, characteristics, [or] qualities" of Crocs' products. 15 U.S.C. § 1125(a)(1)(B); *see Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37-38 (2003); *Crocs, Inc. v. Effervescent, Inc.*, 119 F. 4th 1, 6-7 (Fed. Cir. 2024).

Giving inaccurate patent information does not misrepresent the "nature, characteristics, [or] qualities" of ones' products. *See* § 1125(a)(1)(B). Claiming to have originated something, "and nothing more, is a claim of authorship and does not give rise to a cause of action under Section 43(a)(1)(A) or (B)." *Effervescent*, 119 F. 4th at 6. But that is all that Joybees alleges. *Cf.* Compl. ¶ 431 ("Crocs's false statements that the Falsely Marked Products are covered by active patents in the U.S. misrepresent the nature, characteristics, and qualities of Crocs's products to consumers in the U.S.").

Nor does the "don't get duped" email help Joybees. It has nothing to do with the hangtags or IP Search Results. Joybees does not allege the email misrepresents the attributes of Crocs' or Joybees' products. Joybees claims that "statements that Joybees' products are 'dupes'" are false, Compl. ¶ 432, but calling something a "dupe"[5] or "imitation" is a non-actionable opinion as to copying, not a statement about the product's "origin" or its "nature, characteristics, [or] qualities." *See Dastar*, 539 U.S. at 36, 38 (Section 43(a) does not create "a cause of action for, in effect, plagiarism").

### 4.    Joybees Fails to Adequately Allege an Injury Proximately Caused by Any Alleged Misrepresentation.

Finally, Joybees pleads no "injury to a commercial interest in sales or business reputation proximately caused by [Crocs'] misrepresentations." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014).

Joybees lists *categories* of potential harm—lost sales, lost customers, delayed product launches, reputational harm—but no supporting detail. Compl. ¶¶ 8, 93, 391, 400,

---

[5] The email does not call Joybees "dupes." It says "don't get duped," in the verb sense of "don't be deceived," not in the colloquial noun sense of a duplicate. *See* Compl. ¶ 342.

401, 440, 443 (alleging lost sales, revenues or profits without quantification); *id.* ¶¶ 7, 401 (alleging lost customers or business opportunities generally); *id.* ¶¶ 7, 385, 442 (alleging delayed product launches without identifying any product, launch date, or IP assertion); *id.* ¶¶ 8, 389, 441 (alleging harm to reputation and goodwill generally). These are too conclusory to pass muster. *Vincent v. Utah Plastic Surgery Soc'y*, 621 F. App'x 546, 551 (10th Cir. 2015) (affirming dismissal of Lanham Act claim for failure to "indicate how much Plaintiffs' profits have decreased," "quantify or estimate the decrease in goodwill," or "quantify the number of potential customers who allegedly have been lost"). Joybees also fails to plead facts establishing harm that was *proximately caused* by the hangtags or IP Search Results. *See CVB, Inc. v. Corsicana Mattress Co.*, No. 1:20-cv-00144, 2024 WL 4505044, at *13 (D. Utah Oct. 16, 2024) (dismissing where plaintiff "failed to allege how any misrepresentation injured it"); *see also New Legion Co. v. Thandi*, No. 18-cv-778, 2018 WL 2121523, at *4 (E.D. Pa. May 8, 2018) (holding that "plaintiff must plead specific facts to establish proximate causation").

Joybees' one and only specific allegation is that its Active Clog saw a 60% revenue decline from June-December 2025 relative to the prior-year period. Compl. ¶ 359. This is untethered to allegations regarding the hangtags or IP Search Results. And, Joybees does not allege that the decline was *caused by* the June 2025 email, only that it followed the email. *Id.* Correlation is not causation. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1243 (11th Cir. 2005) (warning that assuming a causal connection "from temporal relationships leads to the blunder of the *post hoc ergo propter hoc* fallacy"); *CVB*, 2024 WL 4505044, at *13. To state a claim, Joybees must allege more, but has not.

### C.    Joybees' CCPA Claim Fails or Should Be Dismissed.

*First*, Joybees' CCPA claim should be dismissed because, as discussed at pp.2-5, *supra*, Joybees fails to allege facts plausibly showing bad faith, and thus cannot state a claim sounding in false marking claim that is not barred by the Patent Act.

*Second*, upon dismissing Joybees' Lanham Act claim, the Court should decline jurisdiction over the CCPA claim. *See* 28 U.S.C. § 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

*Third*, as explained below, Joybees fails to plead public impact, injury, and causation, and thus cannot state a claim under the CCPA.

A claim under C.R.S. § 6-1-105 requires (1) an unfair or deceptive trade practice; (2) that "occurred in the course of defendant's business"; (3) that "significantly impacts the public as actual or potential consumers of the defendant's goods"; (4) "injury in fact to a legally protected interest"; and (5) "the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). Public impact is assessed through (1) the number of Colorado consumers directly affected, (2) consumers' sophistication and bargaining power, and (3) evidence that the practice has previously impacted consumers or has the significant potential to do so. *Id.* at 149; *see also ReportHost LLC v. Spectora Inc.*, No. 24-cv-01813, 2025 WL 2662958, at *9-10 (D. Colo. Sept. 17, 2025). Each element must meet the requirements of Rule 9(b). *See HealthONE of Denver, Inc. v. UnitedHealth Grp., Inc.*, 805 F. Supp. 2d

CROCS' MOTION TO DISMISS AND STRIKE

1115, 1120-21 (D. Colo. 2011); *ReportHost*, 2025 WL 2662958, at *9. Joybees must also state "the time, place and contents of the false representation, the identity of the party making the false statements[,] and the consequences thereof," *HealthONE*, 805 F. Supp. 2d at 1121 (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)), and must support public-impact allegations with plausible, particularized allegations, *ReportHost*, 2025 WL 2662958, at *9-10.

Joybees fails to plead public impact. It conclusorily alleges that "Crocs's actions in falsely marketing its Falsely Marked Products as patented significantly impacts the public as actual or potential consumer of Crocs's products." Compl. ¶ 450. Which consumers? How sophisticated are they? How specifically were they impacted? Joybees does not say. This is the sort of "[t]hreadbare recital of the elements of a cause of action," "supported by mere conclusory statements," that courts do not credit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *ReportHost*, 2025 WL 2662958, at *10-11 (dismissing CCPA claim where plaintiff did not allege whether and how "a large number of consumers in Colorado were directly affected by the challenged practice," and did not include allegations as to consumers' sophistication and past or significant potential future impacts) (quoting *Loughridge v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175, 1186 (D. Colo. 2002)).

Joybees also fails to allege an injury to its interests from the IP Search Results, or that such injury was caused by Crocs' statements. For the same reasons stated above with respect to damages and causation under Joybees' Lanham Act claim, Joybees fails to allege these elements for its CCPA claim.

**D.    Allegations of "Crocs' Pattern of Enforcement" Should Be Stricken.**

The 72-page Complaint refers to Crocs' "aggressive assertion and enforcement of its patent rights," Compl. ¶¶ 3, 7, 79-102 & Ex. 1, which Joybees says "have prevented or limited the ability of competitors like Joybees to lawfully compete in the marketplace," *id.* ¶ 102. Crocs' *enforcement* of rights is not at issue in this lawsuit, which solely concerns patent *marking*. Joybees never alleges that Crocs asserted or enforced its patents post-expiration, only that it *listed* them for a time in certain IP Search Results.

In a prior case, Joybees made near-identical allegations of "aggressive assertion" in its antitrust claims against Crocs. The Court dismissed the claims with prejudice as barred by Crocs' *Noerr-Pennington* immunity. *See Crocs, Inc. v. Joybees, Inc.*, No. 21-cv-02859-GPG-SBP, 2024 WL 3580779, at *4-5 (D. Colo. July 12, 2024). That the allegations were raised and rejected once before shows that they are immaterial and impertinent here, and should be stricken. Fed. R. Civ. P. 12(f); *Seybold v. Weld Cnty. Sheriff's Office*, No. 08-cv-00916, 2008 WL 4489269, at *1 (D. Colo. Oct. 1, 2008) (striking allegations with "no bearing on the claims brought").

**V.    CONCLUSION**

For the foregoing reasons, Crocs respectfully requests that the Court dismiss Joybees' Complaint with prejudice.

Date:  January 29, 2026                    Respectfully submitted,

                                           */s/ Sean M. Callagy*
                                           Sean M. Callagy

                                           ARNOLD & PORTER KAYE SCHOLER LLP

                                           Sean M. Callagy
                                           Isaac L. Ramsey
                                           Three Embarcadero Center, 10th Floor
                                           San Francisco, CA 94111
                                           Telephone: 415.471.3100
                                           Facsimile: 415.471.3400
                                           Email: Sean.Callagy@arnoldporter.com
                                           Email: Isaac.Ramsey@arnoldporter.com

                                           David A. Caine
                                           3000 El Camino Real, Suite 500
                                           Palo Alto, CA 93406
                                           Telephone: 650.319.4500
                                           Facsimile: 650.319.4700
                                           Email: David.Caine@arnoldporter.com

                                           *Counsel for Crocs, Inc.*

## <u>CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE FOR DRAFTING</u>

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

<div style="margin-left: 50%;">

*/s/ Sean M. Callagy*
Sean M. Callagy

ARNOLD & PORTER KAYE SCHOLER LLP

Sean M. Callagy
Isaac L. Ramsey
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400
Email: Sean.Callagy@arnoldporter.com
Email: Isaac.Ramsey@arnoldporter.com

David A. Caine
3000 El Camino Real, Suite 500
Palo Alto, CA 93406
Telephone: 650.319.4500
Facsimile: 650.319.4700
Email: David.Caine@arnoldporter.com

*Counsel for Crocs, Inc.*

</div>

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 29th day of January 2026, the foregoing

**DEFENDANT CROCS, INC.'S MOTION TO DISMISS AND STRIKE PLAINTIFF**

**JOYBEES LLC'S COMPLAINT [ECF NO. 1]** was filed with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to all counsel of record.

> */s/ Sean M. Callagy*
> Sean M. Callagy